**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CEDRIC GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:25-CV-00413 RHH |
| ) | |
| LA CARE HEALTH PLAN, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Cedric Greene for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Upon consideration of the financial information provided with the motion, the Court finds plaintiff is unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, for the reasons discussed below, this case will be dismissed for failure to state a claim. Furthermore, plaintiff's complaint is alternatively subject to dismissal for improper venue. *See* 28 U.S.C. §§ 1391(b), 1406(a).

### Background

In the past month, plaintiff has filed a total of ten cases in this Court, two of which have already been dismissed for lack of subject matter jurisdiction and venue. *See Greene v. Rite Aid – Culver City*, No. 4:25-CV-300-SRW (E.D. Mo.) (filed Mar. 10, 2025, dismissed Mar. 27, 2025); *Greene v. Dudek*, No. 4:25-CV-270-SRW (E.D. Mo. Filed Mar. 5, 2025); *Greene v. Weingart Care First Village*, No. 4:25-CV-304-RWS (filed Mar. 11, 2025); *Greene, et al. v. MV Transportation*, No. 4:25-CV-312-SPM (filed Mar. 12, 2025); *Greene v. Astrana Health*, No. 4:25-

CV-323-SRC (filed Mar. 13, 2025); *Greene v. Access Services, Inc.*, No. 4:25-CV-334-SPM (filed Mar. 18, 2025, dismissed Mar. 28, 2025); *Greene v. 430 South Los Angeles Street, LLC*, No. 4:25-CV-341-RWS (filed Mar. 19, 2025); *Greene, et al. v. Weingart Care First Village*, No. 4:25-CV-385-JSD (filed Mar. 26, 2025); and *Greene v. Weingart Care First Village*, No. 4:25-CV-366-SRW (filed Mar. 22, 2025).

The Court is aware that several other federal courts have already imposed filing restrictions on plaintiff. *See Greene v. Sprint Nextel Corp.*, 2018 WL 4520112, at *4 & n.3 (10th Cir. Sept. 20, 2018) (noting filing restrictions imposed in the Tenth Circuit, Ninth Circuit, District of Kansas, District of Utah, Central District of California, and District of Nevada). In 2024, it was estimated that plaintiff had filed more than three hundred cases in federal courts throughout the country. *See Greene v. United States*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).

**The Complaint**

Plaintiff's complaint indicates he is attempting to bring the instant action against defendant LA Health Plan in the United States District Court for the Eastern District of Missouri because he has been unable to seek relief from his Nevada state court action in the United States District Court for the Northern District of Illinois. [ECF No. 1, p. 2].

As plaintiff explains the procedural posture of this action, he originally filed a lawsuit against defendant in Nevada State Court when they purportedly falsely claimed to have undertaken a review of a grievance he made in August of 2023. Greene insists he never made a grievance or "brought anything to their attention." Thus, he filed a lawsuit against defendant in Clark County, Nevada. Greene eventually transferred the Clark County lawsuit to Nevada's Washoe County

Court, but, he indicates that "5 days after [defendant] presented their answer, the Judge sign[ed] their proposed order. . .and the Judge didn't provide Greene with any opportunity to oppose or respond." *See id*. Thus, the Washoe County action appears to have been dismissed on or about May 6, 2024, and plaintiff then appealed the dismissal to "Carson City, Nevada." *Id.* Plaintiff states that his appeal was dismissed "in Nevada's Highest State Court on September 11, 2024." *Id.* Plaintiff then "presented a pro se removal of the case to Federal Court."

It appears that the Federal Court plaintiff attempted to "remove" his case to, was the United States District Court for the Northern District of Illinois. *Greene v. LA Health Plan*, No. 1:24-CV-11375 (N.D. Ill. filed Nov. 4, 2024, dismissed Mar. 13, 2025). On January 10, 2025, the Honorable Sunil R. Harjani denied plaintiff's motion to proceed in forma pauperis, without prejudice, noting that the Northern District of Illinois appeared to lack jurisdiction and venue over plaintiff's lawsuit. Plaintiff was given thirty (30) days to cure the deficiencies in his motion to proceed in forma pauperis, or to pay the full filing fee. When plaintiff failed to do so, his case was dismissed on March 13, 2025, pursuant to Federal Rule of Civil Procedure 41(b).

The Court notes that plaintiff filed the same, or substantially similar action in the Northern District of Indiana on January 7, 2025. *See Greene v. LA Care Health Plan*, No. 2:25-CV-00005 GSL-AZ (N.D. Ind. filed Jan. 7, 2025, dismissed Jan. 29, 2025). In the Memorandum and Order issued on January 29, 2025, the Honorable Gretchen S. Lund noted that plaintiff's allegations stemmed from a state court proceeding originally dismissed in Washoe County, Nevada. Therefore, the federal court was precluded from reviewing the matter under the *Rooker-Feldman* doctrine.[1]

---

[1]*See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413,

Because plaintiff did not submit this action on the Court's form complaint, he has not indicated either he or defendant's state of citizenship. Plaintiff has also failed to indicate in his complaint a jurisdictional basis for the present action; however, on his Civil Cover Sheet he states that he is bringing this action pursuant to 28 U.S.C. § 1331. Nonetheless, plaintiff does not cite to any federal statutes, federal treaties, or provisions of the United States Constitution.

As for his Statement of Claim, plaintiff indicates that he believes that defendant should not have opened a reference number regarding him in their system because it made it appear that he was waiting on a response to a consumer complaint against a medical group. For relief against defendant, plaintiff seeks monetary damages.

## Discussion

Like the Honorable Gretchen S. Lund, District Judge in the Northern District of Indiana, this Court finds that plaintiff's action stems from Nevada state court proceedings in Washoe County, Nevada. And the *Rooker-Feldman* doctrine precludes a federal court's review of state court decisions. Moreover, "[a] litigant dissatisfied with the decision of a state tribunal must appeal rather than file an independent suit in federal court." *Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994). Plaintiff is seeking appellate review, asking the Eastern District of Missouri to reverse the decisions in the Nevada state court case. This Court has no ability to grant the relief requested by plaintiff.

Even if the Court could reverse the Nevada state court, this Court lacks jurisdiction (and venue) to do so. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the

---

416 (1923).

-4-

district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

Plaintiff has alleged no basis for venue being proper in this Court. Plaintiff makes no allegation of an act or omission occurring within the jurisdictional boundaries of this Court, nor does plaintiff allege that he or the defendant resides within this district. None of the requirements of § 1391 are present in this case. Accordingly, venue in the Eastern District of Missouri is not proper.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought. In this case, the Court cannot transfer this action back to the Northern District of Illinois (nor is it proper to do so) because, on Friday, February 21, 2025, the Seventh Circuit barred him from filing any papers with any district court in the circuit by ordering that any filings be returned to Plaintiff unfiled until he pays a monetary sanction. *See Greene v. St. Nicholas Med. Grp.*, No. 24-3268 (7th Cir. Feb. 21, 2025). As such, the Court will alternatively dismiss this action for lack of proper venue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, alternatively, this action is **DISMISSED without prejudice for lack of proper venue**. *See* 28 U.S.C. §§ 1391, 1406(a).

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 31st day of March, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE